UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD J. HILLS,<br><br>    Petitioner,<br><br>    v.<br><br>JOSEPH LEHMAN,<br><br>    Respondent. | Case No. C04-2039-RSL-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION

Petitioner filed a *pro se* petition for writ of habeas corpus challenging his 2002 state court conviction for one count each of promoting prostitution and possession of a controlled substance. After reviewing the petition, respondent's answer and the state court record, this Court recommends that the petition be denied.

## II. FACTS & PROCEDURAL HISTORY

According to Division I of the Washington Court of Appeals, the material facts of petitioner's case are as follows:

> On August 23, 2001 Diana LaFrenier and Stacey Satterberg were posing as prostitutes as part of an undercover operation for the Seattle Police Department . . . . LaFrenier and Satterberg testified that Hills drove up and motioned them to his car. He asked what they were doing out on the street that night. LaFrenier responded that they were trying to make a living. According to LaFrenier and Satterberg, they had a lengthy

REPORT AND RECOMMENDATION
PAGE -1

> discussion with Hills during which he allegedly offered to find them customers, provide them with clothing, and other logistical aide in exchange for a 50-50 split of the profits. He agreed that they would have to perform sex acts as part of the deal. They responded that it sounded like a pretty good deal. Hills then offered to give them a ride, but they instead asked him to meet them at their hotel room. As Hills drove toward the hotel, LaFrenier and Satterberg gave a signal to the arresting team and Hills was arrested in the hotel parking lot. When searching Hills, police found a glass bottle with a green plant material that was later determined to be laced with phencyclidine (PCP) . . . . A jury found Hills guilty as charged.

Dkt. No. 19, Ex. 3. On April 19, 2002, petitioner was sentenced in King County Superior Court to twelve months and a day of confinement for one count each of promoting prostitution and possession of a controlled substance. Dkt. No. 19, Ex. 1.

Acting through counsel, petitioner raised a direct appeal in the Washington Court of Appeals, Division I. Dkt. No. 19, Ex. 3. Petitioner argued that the statute criminalizing the promotion of prostitution violates the First Amendment because it is overbroad, and attacked the sufficiency of the evidence as well. Dkt. No. 19, Ex. 3. The court rejected those arguments and affirmed the lower court conviction. Dkt. No. 19, Ex. 3.

Petitioner subsequently petitioned the Washington Supreme Court for discretionary review. Dkt. No. 19, Ex. 9. The sole issue petitioner raised in his appeal was whether the Washington statute criminalizing the promotion of prostitution violated the First Amendment. Dkt. No. 19, Ex. 9. The court declined to consider the petition for review without comment. Dkt. No. 19, Ex. 10. On May 21, 2004, the Court of Appeals issued its Mandate. Dkt. No. 19, Ex. 11.

Petitioner timely filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in this Court on September 24, 2004. Dkt. Nos. 2, 6. The petition raised three grounds for relief, including a challenge to the sufficiency of the evidence. Dkt. Nos. 2, 6. Petitioner amended his petition on November 18, 2004. Dkt. No. 10.

### III. CLAIM FOR RELIEF

Petitioner's amended petition raises a single claim for relief. Although he labels his argument "First Amendment Rights," he argues that the testimony of the two undercover police officers who observed his crime was insufficient to convict him. Dkt. No. 10. The facts alleged by petitioner to support his petition are that he was "convicted for allegedly stating to, [sic] two undercover female officers that he would provide them a place to stay; and provide tricks, and petitioner would receive 50% of monies. There was no tape record or anything. Petitioner's conviction is base [sic] on alleged statements." Dkt. No. 10. As discussed below, the Court recommends that petitioner's claim be dismissed because he failed to exhaust his remedies in state court.

### IV. DISCUSSION

In order for this Court to consider a § 2254 petition for writ of habeas corpus, the petitioner must first provide state courts with a fair opportunity to rule on his claims. 28 U.S.C. § 2254(b); *see Picard v. Connor*, 404 U.S. 270, 275 (1971). The purpose of the exhaustion doctrine is federal-state comity, which gives state courts an initial opportunity to consider alleged violations of federal rights. *See Picard*, 404 U.S. at 275. This Court may raise the issue of exhaustion *sua sponte*. *See Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988) (per curiam).

A petitioner can satisfy the exhaustion requirement by raising his claims with the state's highest court through one complete round of its appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Alternatively, petitioner may show that no state remedy is available. *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). To satisfy the exhaustion requirement, however, the legal and factual basis for the claims presented to this Court must be substantially equivalent to those presented to the highest state court. *See Picard*, 404 U.S. at 278; *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

Here, petitioner's claim must be dismissed because he failed to raise it with the Washington State Supreme Court. In his direct appeal to the Washington Court of Appeals, petitioner argued

that the Washington statute criminalizing promotion of prostitution violated the First Amendment and that there was insufficient evidence to convict him. Dkt. No. 19, Exs. 3, 4. Specifically, his second claim argued that the testimony of the undercover police officers was insufficient to show a violation of the statute. Dkt. No. 19, Ex. 4.

The court, however, properly concluded that a rational trier of fact could find petitioner guilty based on the evidence provided at trial. Dkt. No. 19, Ex. 3. Petitioner moved for discretionary review with the Washington Supreme Court on September 12, 2003, but raised *only* his First Amendment challenge. Dkt. No. 19, Ex. 9. Because petitioner failed to raise his insufficient evidence claim with the Washington Supreme Court, he has failed to properly exhaust his state court remedies with respect to his current claim. Petitioner's request for habeas relief must therefore be denied.

## V. CONCLUSION

This petition for writ of habeas corpus should be dismissed because the petitioner has failed to properly exhaust his state court remedies. A proposed order accompanies this Report and Recommendation.

DATED this 13th day of April, 2005.

s/ JAMES P. DONOHUE
United States Magistrate Judge